**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 16, 2024

LETTER TO COUNSEL

RE: *Connie H. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1922

Dear Counsel:

On July 18, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision to deny her claim for benefits. ECF No. 1. Having reviewed the record (ECF No. 6) and the parties' briefs (ECF Nos. 9, 11, 12), I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). I must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will affirm the SSA's decision. This letter explains my rationale.

I.     **PROCEDURAL BACKGROUND**

Plaintiff filed a claim for disability insurance benefits on October 25, 2019, alleging a disability onset date of August 1, 2009. Tr. 201. Her claim was denied initially and on reconsideration. Tr. 115–19, 125–30. On May 4, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 30–61. On May 27, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12–29. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so Plaintiff petitioned this Court for judicial review, Tr. 817–18. The Court remanded Plaintiff's case to the SSA with the consent of both parties. Tr. 819. On remand, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ for further proceedings. Tr. 832. A hearing was held on April 18, 2023. Tr. 770–97. On May 15, 2023, an ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 749–69. Because Plaintiff filed no exceptions with the Appeals Council, and because the Appeals Council did not otherwise assume jurisdiction, the May 15, 2023 decision is the final, reviewable decision of the SSA. *See* 20 C.F.R. § 404.9484(d).

II.    **THE ALJ'S DECISION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The SSA

evaluates disability claims using a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520.  Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of August 1, 2009, through her date last insured of September 30, 2014." Tr. 755.  At step two, the ALJ found that Plaintiff "had the following severe impairments: chronic venous insufficiency/deep vein thrombosis status post-stenting and obesity." *Id*.  The ALJ found that Plaintiff's uterine fibroids and adjustment disorder were non-severe.  *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  Tr. 756–57.  The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with lifting and/or carrying up to 20 pounds occasionally and up to 10 pounds frequently, sitting 6 hours in an 8-hour workday, but standing and walking 4 hours in an 8-hour workday with appropriate breaks. Additional limitations include: occasional pushing and pulling and/or operating foot controls with the lower extremities; would need to change positions every hour for 15 minutes with no loss in work productivity; should never climb ropes, ladders, or scaffolds; occasionally climb ramps and stairs; frequently stoop and balance; and occasionally kneel, crouch, and crawl.

Tr. 757.  Lastly, the ALJ concluded that Plaintiff was not disabled because she could perform her past relevant work as an administrative assistant.  Tr. 762–63.

### III.   LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla" and "somewhat less than a preponderance."  *Id*.  In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]"  *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV.   ANALYSIS

On appeal, Plaintiff argues that the RFC assessment lacks the support of substantial evidence because it "does not include any accommodation for . . . leg elevation."  ECF No. 9 at 7,

12. Plaintiff contends that, despite the ALJ's statement to the contrary, Plaintiff's "statements about her need to elevate her leg to control her pain and swelling" are consistent with the objective evidence and her own statements. *Id.* at 10. She contends that remand is warranted because of the ALJ's failure to correctly assess the evidence related to this issue. *Id.* at 9–13. Defendant counters that the ALJ properly evaluated Plaintiff's alleged need to elevate her legs and that substantial evidence supports the RFC assessment. ECF No. 11 at 5.

     A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a). When assessing RFC, an ALJ considers, among other things, "descriptions and observations" of a claimant's "limitations from [their] impairment(s), including limitations that result from [their] symptoms[.]" *Id.* § 404.1545(a)(3). To evaluate a claimant's symptoms, an ALJ uses the two-step process set forth at 20 C.F.R. § 404.1529 and described in Social Security Ruling ("SSR") 16-3p. *See Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023). At step one, an ALJ determines whether an impairment exists that could "reasonably be expected to produce the claimant's alleged symptoms." *Id.* At step two, the ALJ assesses "the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." *Id.* While an ALJ may not dismiss subjective complaints "based *entirely* upon the belief that they were not corroborated by the record's medical evidence," the ALJ must still "ascertain the extent of the claimant's alleged functional limitations and restrictions due to their pain or symptoms that could be reasonably accepted as consistent with the medical signs, laboratory findings, and other evidence, in discovering how these symptoms impact the claimant's ability to work." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023).

     Here, the ALJ recounted Plaintiff's complaints of leg, foot, and calf pain. Tr. 758. Plaintiff testified that, "after an hour of sitting[,] she would have to move to the floor or sofa and elevate her legs above the waist." *Id.* She also testified that she "had to rest and elevate her legs for thirty minutes when completing daily tasks[.]" *Id.* The ALJ found that Plaintiff's statements were "not entirely consistent" with the objective evidence of record. *Id.* The ALJ observed, for example, that Plaintiff had "normal range of motion throughout, normal lower extremity strength, physiologic deep tendon reflexes, and normal, unassisted gait, and she sat appropriately." *Id.* The ALJ also took note of objective evidence that supported Plaintiff's statements—for instance, records indicating "right lower extremity 1-2+ edema" and "swelling and tenderness on exam." Tr. 759. Ultimately, the ALJ concluded that Plaintiff's subjective complaints were only partially supported. Although swelling "may have warranted elevation on occasion," there was no evidence to support the "frequency or duration" that Plaintiff asserted was necessary. Tr. 760. Thus, the ALJ determined that "[n]ormal breaks in a workday would provide the claimant an adequate opportunity to elevate her leg if needed." Tr. 762.

     The ALJ's reliance upon objective evidence to reach this conclusion was appropriate. SSR 16-3p recognizes that "objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms[.]" SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017). Thus, an ALJ not only can, but "must," determine whether symptoms are consistent with objective medical evidence. *Id.* To be sure, the ALJ would have erred if they had evaluated Plaintiff's subjective complaints *solely* on the basis of their inconsistency with objective

*Connie H. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1922
April 16, 2024
Page 4

evidence. *See id*. ("We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled."). But the ALJ did not do so. Instead, the ALJ evaluated Plaintiff's symptoms based on their alignment with the objective evidence as well as other factors. Such an analysis is proper—if an ALJ cannot make a fully favorable disability determination based solely on objective evidence, then they must consider "other evidence in the record." *Id.* at *6.

Such evidence includes, among other things, "the consistency of the individual's own statements" about symptoms, the "type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate . . . pain or other symptoms," and "[t]reatment, other than medication," that a claimant uses to relieve symptoms. *Id.* at *8. The ALJ's symptom analysis accounted for all these factors. For instance, the ALJ noted that Plaintiff "walking up to a mile in April 2013" and "only need[ing] to elevate her leg for a few minutes before continuing with another activity" was inconsistent with her allegation that she "had to rest and elevate her legs for thirty minutes when completing daily tasks." Tr. 759. The ALJ also remarked that Plaintiff's "ongoing treatment prior to the date last insured was limited to Coumadin and compression stockings." Tr. 760. Thus, the ALJ appropriately relied on multiple relevant factors in evaluating Plaintiff's symptoms. *See* SSR 16-3p, 2017 WL 5180304, at *6–8.

Plaintiff disagrees with the ALJ's analysis and contends that her "own reported capacity," as well as the objective evidence, substantiates her complaints. ECF No. 9 at 10. She identifies multiple excerpts from the evidence of record to support this argument. *Id.* at 10–11. While a rational factfinder could agree with Plaintiff's interpretation of the evidence, the Court may not "reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence[.]" *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (per curiam). Where the evidence "allows reasonable minds to differ," the Court must defer to the ALJ's interpretation of the evidence. *Id.* Accordingly, the Court rejects Plaintiff's invitation to second-guess the ALJ's findings of fact.

Plaintiff also argues that the ALJ's RFC determination lacks the support of substantial evidence insofar as it does not include an accommodation for leg elevation. ECF No. 9 at 7, 12. More specifically, she contends that the ALJ failed to resolve an insufficiency in the record before assessing her RFC. *Id.* at 13 (arguing that an "evidentiary gap" exists because the record contains no indication of "how high" Plaintiff was required to elevate her legs). To be sure, an ALJ faced with "insufficient or inconsistent" evidence "may" take additional actions, such as gathering more evidence or recontacting a medical source, before ruling. 20 C.F.R. § 404.1520b(b). Nevertheless, "an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994); *see also Gordon v. Comm'r of Soc. Sec.*, No. 14-11990, 2015 WL 5335477, at *7 (E.D. Mich. Aug. 12, 2015) ("The duty to recontact is triggered when the evidence is insufficient to make an informed determination, not when the evidence is insufficient to make a favorable determination.").

*Connie H. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1922
April 16, 2024
Page 5

Having carefully reviewed the record, the Court finds that a sufficient record undergirds the ALJ's conclusions. Upon questioning by Plaintiff's counsel, the vocational expert testified that a need to elevate one's legs "above the heart" would preclude work. Tr. 795–96. In their decision, the ALJ noted that no evidence existed to suggest that Plaintiff had been directed to elevate her leg "above heart level." Tr. 762. But the record's lack of specificity on this point does not indicate that the record was insufficient. Indeed, the ALJ also noted (without respect to the angle of elevation) that Plaintiff was not directed to elevate her legs *at all* during the period at issue (2009 to 2014). Tr. 755, 759. Moreover, the ALJ found that Plaintiff's statements about her need to elevate her legs were unpersuasive for the reasons discussed above.

Simply put, the ALJ's decision to omit a leg-elevation provision from the RFC assessment was supported by "evidence which a reasoning mind would accept as sufficient[.]" *See Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Whether the record adequately addresses leg elevation at a certain height is therefore irrelevant, so the Court is not persuaded that the ALJ was required to resolve an evidentiary insufficiency concerning this issue before issuing their decision.[1] Because the ALJ properly decided to omit a leg-elevation provision from the RFC assessment, they were under no obligation to consider the vocational expert's response to a hypothetical question concerning the issue. *See Youkers v. Colvin*, No. 12-9651, 2014 WL 906484, at *11 (S.D.W. Va. Mar. 7, 2014) ("Because the attorney's hypothetical questions assumed impairments that were not reflected in the ALJ's RFC determination, the vocational expert's responses to those questions were neither relevant nor useful and the ALJ properly ignored them.").

In sum, Plaintiff identifies no manner in which the ALJ failed to apply proper legal standards or made findings that lacked the support of substantial evidence. Accordingly, the Court must affirm the ALJ's decision.

V.     **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

---

[1] Plaintiff only challenges the RFC assessment insofar as it concerns her alleged need to elevate her legs. ECF No. 9 at 7–13. Thus, the Court does not assess whether the remainder of the RFC assessment is supported by substantial evidence.